UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELANDO MONTANA PHILPOTS,

    Petitioner,                  Case No. 2:24-CV-10246

v.                           UNITED STATES DISTRICT COURT JUDGE

                               GERSHWIN A. DRAIN

RANDEE REWERTS,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS [ECF No. 1], DENYING THE MOTION TO APPOINT COUNSEL [ECF No. 10], AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

## I. INTRODUCTION

Petitioner Delando Montana Philpots, confined at the Central Michigan Correctional Facility in St. Louis, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his plea-based conviction for two counts of third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d. For the reasons that follow, the petition for a writ of habeas corpus is DENIED.

## II. BACKGROUND

This case arose out of two separate sexual assaults that Petitioner committed. Petitioner does not deny committing these offenses. The first sexual assault occurred

in 1998, while the second one occurred in 2016. Petitioner was arrested for these crimes on May 11, 2017. ECF No. 1, PageID.2. Each assault produced two different docket numbers in the Genesee County Circuit Court: Case No. 17-041902-FC for the 1998 assault, and Case No. 17-042192-FC for the 2016 assault. *Id.* In Case No. 17-041902, Petitioner was charged with two counts of first-degree criminal sexual conduct ("CSC-I"). ECF No. 14-1. In Case No. 17-042192, Petitioner was charged with one count each of CSC-I, unarmed robbery, assault with intent to do bodily harm less than murder, and second-degree home-invasion. ECF No. 14-2.

A trial was initially scheduled for Case No. 17-041902 on February 14, 2018, but was adjourned. (Register of Actions ("ROA") #1 at 2, Event 11). ECF No. 14-1, PageID.229. The reasons for that adjournment are unclear.

On February 23, 2018, Petitioner filed several motions in Case No. 17-042192, including a motion for an *in camera* review of psychological/psychiatric records, a motion for a court-appointed toxicology expert, and a motion to suppress statements Petitioner made to the police. (ROA #2 at 3–4, Events 17–22). ECF No. 14-2, PageID.247–48. The motions were scheduled to be heard on March 5, 2018, but were twice adjourned due to Petitioner's counsel's requests or unavailability. (*Id.* at 4, Events 24, 27). *Id.* at PageID.248. On April 16, 2018, the trial judge granted Petitioner's motion for an *in camera* review of psychological/psychiatric records,

2

and the motion for a court-appointed toxicology expert. The third motion (suppression) was taken under advisement. (*Id.*, Event 29). *Id.* at PageID248.

Status checks were conducted on Petitioner's cases in July and September 2018, and settlement conferences held on September 25, 2018, and November 6, 2018. (*Id.* at 5, Events 32–36). ECF No. 14-2, PageID.249. The trial court was waiting on the psychological/psychiatric records for review in Case No. 17-042192, but set trial for Case No. 17-041902. (*Id.* at Event 34, 36; ROA #2). *Id.* at PageID.249. While all three of Petitioner's cases, including a 2018 case charging him with possession of cocaine, were discussed, no resolution was made. (ROA #2 at 5, Event 36). *Id.* at PageID.249. The trial court conducted other status checks in February and April 2019, at which time the judge indicated all three cases were being kept together. (*Id.* at 5–6, Events 37–41). ECF No. 14-2, PageID.249–50.

Petitioner's trial in Case No. 17-041902 began on June 11, 2019, ECF No. 14-4 at PageID.402, and he was convicted on June 14, 2019. ECF No. 14-7, PageID.875, 918.

On July 15, 2019, the trial court granted Petitioner's motion for a new trial for Case No. 17-041902. ECF No. 14-8, PageID.926–27.

On July 30, 2019, Petitioner's two 2017 cases were consolidated for trial. (ROA # 1 at 7, Event 53). ECF No. 14-1 PageID.234.

As of September 2019, the psychological/psychiatric records were still not provided to the court for review, nor was there any update on their availability as of December 2019. (ROA #2 at 6, Event 46). ECF No. 14-2, PageID.250. On December 11, 2019, Petitioner filed a motion to reduce bond. (*Id*. at 7, Event 51). *Id*. at PageID.251. On December 19, 2019, Petitioner's cases were reassigned to a different trial court judge due to the retirement of the presiding judge. (*Id.*, Event 54). *Id.* at PageID.251.  On January 14, 2020, Petitioner's motion to reduce bond was denied. (*Id*. at 8, Event 65). *Id.* at PageID.252.

A hearing was set for Petitioner's suppression motion on March 4, 2020, but at the request of both parties, was adjourned to March 25, 2020. (ROA # 2 at 8–9, Events 66, 78). ECF No. 14-2, PageID.252–53. The hearing was rescheduled due to COVID-19, and then adjourned until July 14, 2020, because Petitioner objected to the hearing being held via Zoom, which was required by COVID-19 restrictions at the time. (Mot. Hr'g Tr., 6/17/2020, p. 4). ECF No. 14-11, PageID.961.

Trial dates were scheduled for December 2020 and March 2021, but both dates were adjourned due to COVID-19. (ROA # 2 at 11, Events 101, 103). ECF No. 14-2, PageID.255. On February 22, 2021, the court resolved Petitioner's suppression motion. (*Id.* at Event 105). *Id.*

On April 22, 2021, defense counsel was substituted. (*Id.* at 11–12, Events 108–109). ECF No. 14-2, PageID.255–56.  On June 2, 2021, a pretrial hearing was

4

held at which time defense counsel requested more time to discuss the plea offer with Petitioner. ECF No. 14-16, PageID.1053–57.

On June 16, 2021, Petitioner entered an unconditional no-contest plea in his two 2017 cases to two reduced charges of third-degree criminal sexual conduct in exchange for dismissal of the remaining charges. Petitioner also pleaded guilty to possession of less than 25 grams of cocaine in Case No. 18-042996-FH. ECF No. 14-17, PageID.1061–74. The trial court sentenced Petitioner to concurrent sentences of 9 to 15 years' imprisonment on the third-degree CSC convictions and 12 months in prison with credit for time served on the cocaine charge, ECF No. 14-18, PageID.1104–06, which Petitioner does not challenge in this petition.

Petitioner's conviction was affirmed on appeal. *People v. Philpots*, Nos. 358739; 358742, 358743, 2022 WL 12071311 (Mich. Ct. App. Oct. 20, 2022); *leave denied*, 511 Mich. 972, 990 N.W.2d 358 (2023), *reconsideration denied*, 512 Mich. 911, 993 N.W.2d 830 (2023).

Petitioner seeks a writ of habeas corpus on the following ground:

> Philpots was denied his constitutional right to a speedy trial. Philpots invoked his right to a speedy trial and he was prejudiced by the delay.

### III. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

5

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain habeas relief in federal court, a state

6

prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

## IV. DISCUSSION

**A. The speedy trial claim.**

Petitioner alleges he was denied his Sixth Amendment right to a speedy trial.

Respondent contends that Petitioner's speedy trial claim was waived by his unconditional no-contest pleas. The Michigan Court of Appeals, in fact, rejected Petitioner's speedy trial claim, finding it to have been waived by Petitioner's plea. *Philpots*, 2022 WL 12071311, at *1. The Michigan Court of Appeals did not discuss the merits of Petitioner's speedy trial claim.

i. <u>Procedural Bar</u>

Petitioner's speedy trial claim was waived by Petitioner's no-contest plea.

An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A no-contest plea also constitutes a waiver of all non-jurisdictional defects. *United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982); *Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 747 (E.D. Mich. 2005). An unconditional guilty or no-contest plea waives speedy trial violations. *See Maples v. Stegall*, 340 F.3d 433, 439 (6th Cir. 2003); *see also United States v. Jarrar*, 99 F. App'x 726, 730 (6th Cir. 2004);

7

*Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003). Contrary to Petitioner's argument, the right to a speedy trial is not a jurisdictional issue and can thus be waived by an unconditional guilty or no-contest plea. *Howard*, 76 F. App'x at 53 (citing *Tiemens v. United States*, 724 F.2d 928, 929 (11th Cir.1984); *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir.1984)); *see also Jarrar*, 99 F. App'x at 730.

Petitioner argues that the Michigan Court of Appeals erred by finding his speedy trial claim to have been waived by his no-contest plea, in light of the United States Supreme Court's decision in *Class v. United States*, 138 S. Ct. 798 (2018). In *Class*, the Supreme Court held that a federal criminal defendant's guilty plea does not prevent him "from challenging the constitutionality of the statute of conviction on direct appeal." *Id.* at 803. Where a criminal defendant's claims challenge the Government's power to criminalize his admitted conduct, thereby "call[ing] into question the Government's power to 'constitutionally prosecute' him," his guilty plea does not bar a direct appeal. *Id.* at 805. In other words, although a "a guilty plea does implicitly waive some claims, including some constitutional claims[,]" it "does not bar a claim on appeal 'where on the face of the record the court had no power to enter the conviction or impose the sentence.'" *Id.* at 804–05 (quoting *United States v. Broce*, 488 U.S. 563, 569 (1989)).

Several courts have concluded that the Supreme Court's holding in *Class* does not apply to speedy trial claims.

8

In *United States v Lozano*, the Fourth Circuit held that speedy trial claims can be waived by a guilty plea and do not come within the exception to the plea waiver doctrine announced in *Class*. 962 F.3d 773, 778–80 (4th Cir. 2020). The Fourth Circuit reasoned that "[s]peedy trial claims don't challenge the government's power to initiate the proceedings against the defendant," but instead only "challenge 'case-related government conduct that [took] place before the plea [was] entered,'" and thus do not fall within the exception set out in *Class*. *Id.* at 779.

At least one additional circuit has held that the holding in *Class* does not apply to speedy trial claims, which continue to be waived by an unconditional guilty or no-contest plea. *See United States v. Bulaman*, 745 F. App'x 468, 469 (3d Cir. 2018).

In the aftermath of *Class*, the Sixth Circuit held that the thirty-day indictment rule of the Speedy Trial Act did not constitute a jurisdictional requirement and held that the defendant's unconditional guilty plea waived his right to a speedy indictment. *See United States v. Satterwhite*, 893 F.3d 352, 355–359 (6th Cir. 2018). The Sixth Circuit in *Satterwhite* started with the notion that the defendant's guilty plea "waived all preceding non-jurisdictional defects in the proceeding," citing to both *Class* and its prior decision in *United States v. Pickett*, 941 F.2d 411, 416–17 (6th Cir. 1991). *Id.* at 355.

For these reasons, Petitioner waived his speedy trial claim by entering his unconditional no-contest plea to the charges, precluding habeas relief on this basis.

9

ii. <u>Merits</u>

In any event, Petitioner's speedy trial claim is also without merit.

As an initial matter, this Court notes that the Michigan Court of Appeals did not address the merits of Petitioner's speedy trial claim, instead simply finding it to be waived. When a state court fails to adjudicate a habeas petitioner's claim on the merits, a federal court is required to review that claim *de novo. See Cone v. Bell*, 556 U.S. 449, 472 (2009). Because the Michigan Court of Appeals held that Petitioner's claim was waived, it never reached the merits of the claim. Accordingly, there was no state-level adjudication on the merits to which this Court can defer, and the Court must review the speedy trial claim *de novo*. *See Wilson v. Beard*, 589 F.3d 651, 658 (3d Cir. 2009); *see also Brown v. Romanowski*, 845 F.3d 703, 711–12 (6th Cir. 2017) (addressing speedy trial claim *de novo* when state court failed to address it). Although this Court will review Petitioner's speedy trial claim *de novo*, the speedy trial claim fails "even under this more searching level of review." *Brown,* 845 F.3d at 712.

The Sixth Amendment guarantees a criminal defendant the right to a speedy trial. U.S. Const. amend. VI. To determine whether a speedy trial violation has occurred, the court must consider the following four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his speedy trial right, and (4) the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530

10

(1972). No single factor is determinative; rather, a court must weigh them and engage in a "difficult and sensitive balancing process" to determine whether a constitutional violation has occurred. *Id.* at 533. The right to a speedy trial "is 'amorphous,' 'slippery,' and 'necessarily relative.'" *Vermont v. Brillon*, 556 U.S. 81, 89 (2009) (quoting *Barker*, 407 U.S. at 522).

The length of delay is the "triggering mechanism" for a speedy trial claim because "[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530. To trigger a speedy trial analysis, the accused "must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Doggett v. United States*, 505 U.S. 647, 651–52 (1992). Courts have generally found post accusation delays that approach one year to be "presumptively prejudicial." *Id.* at 652 n.1; *United States v. Brown,* 90 F. Supp. 2d 841, 846 (E.D. Mich. 2000).

The triggering date for Petitioner's speedy trial claim is not easily established because his speedy trial claim involves separate convictions in separate cases, and he was brought to trial and convicted in one of those cases but then had those convictions subsequently vacated. Petitioner was brought to trial on June 11, 2019, for the charges in Case No. 17-041902 and was subsequently convicted. The trial judge, however granted him a new trial on those charges on July 15, 2019.

11

In *Betterman v. Montana*, the Supreme Court held that the right to a speedy trial "detaches upon conviction," but the Court expressly reserved ruling on whether "the right reattaches upon renewed prosecution . . . when [the defendant] again enjoys the presumption of innocence." 578 U.S. 437, 441, 441 n.2 (2016). Courts, however, have held that "[w]hen a speedy trial claim is raised following a retrial, the length of the delay is measured from the date of the order granting a new trial . . . " *Palmer v. State*, 318 Ga. 511, 517, 899 S.E.2d 192 (Ga. 2024) (citing 5 Wayne R. LaFave et al., Criminal Procedure § 18.1(c) (4th ed. Dec. 2023 update); 23 CJS Criminal Procedure and Rights of Accused § 798 (Nov. 2023 update)); *see also Williams v. State*, 642 S.W.3d 896, 900 (Tex. Ct. App. 2021) ("[T]he speedy trial clock began to run, at the earliest, on the date that the defendant's conviction and sentence were reversed."); *State v. Tatum*, No. 2019AP1016-CR, 2021 WL 246218, at *6 (Wis. Ct. App. Jan. 26, 2021) (speedy trial analysis began once the trial court vacated convictions, at which the presumption of innocence was reinstated).

The start date for Petitioner's speedy trial claim in Case No. 17-041902 is July 15, 2019, the date he was granted a new trial. ECF No. 1, PageID.21. As to Case No. 17-042192, because no trial was held, the start date is May 17, 2017, the date of Petitioner's arrest.

Petitioner argues that the clock ran on his speedy trial claim until July 26, 2021, the day he was sentenced. Petitioner is incorrect. The Sixth Amendment right

12

to a speedy trial "protects the accused from arrest or indictment through trial, but it does not apply once a defendant has been found guilty at trial or has pleaded guilty to criminal charges." *Betterman*, 578 U.S. at 439. Thus, the end date in this speedy trial analysis is June 16, 2021, the date Petitioner entered his pleas.

To summarize, for Case No. 17-041902, the relevant period is from July 15, 2019, the date Petitioner was granted a new trial, to June 16, 2021, the date he pleaded guilty, over 23 months. For Case No. 17-042192, the relevant period is from May 17, 2017, to June 16, 2021, over 48 months. Nonetheless, both delays are presumptively prejudicial, and the Court must engage in an examination of the remaining *Barker* factors. *See U.S. v. Bass,* 460 F.3d 830, 836 (6th Cir. 2006).

With respect to the second *Barker* factor, the reasons for the delay, the Court must determine "whether the government or the criminal defendant is more to blame for [the] delay." *Maples v. Stegall*, 427 F.3d 1020, 1026 (6th Cir. 2005) (citing *Doggett*, 505 U.S. at 651). When evaluating a speedy trial claim, delays caused by the defense are to be weighed against the defendant. *Brillon*, 556 U.S. at 90; *see also United States v. Brown*, 498 F.3d 523, 531 (6th Cir. 2007).

Petitioner's counsel filed several pre-trial motions in this case. Any delays caused by Petitioner's filing of his numerous pre-trial motions is attributable to the defense, for purposes of a speedy trial determination. *See Norris v. Schotten,* 146 F.3d 314, 327 (6th Cir. 1998). Defense counsel also requested several adjournments,

13

which would also be attributable to the defense. *See United States v. Brown*, 808 F. App'x 347, 349 (6th Cir. 2020). In addition, the need to conduct an evidentiary hearing on Petitioner's motion to suppress is also a delay that would at least initially be attributable to Petitioner. *See United States v. Schuster,* 135 F.4th 1037, 1050 (6th Cir. 2025).

Many of the delays between March 2020 and June 2021 were due to the historic COVID-19 pandemic and steps taken by the courts to protect the public from the virus. The Sixth Circuit and other circuits have treated trial delays caused by the COVID-19 pandemic "as a valid reason that also weighs against the defendants (or at least as a neutral reason that favors neither party)." *United States v. Allen*, 86 F.4th 295, 305 (6th Cir. 2023) (collecting cases).

It also appears that at least some of the delays may have also been attributable to the fact that there were ongoing discussions about a possible plea bargain. Ongoing plea negotiations between the prosecutor and defense is a valid neutral reason for a delay in proceeding to trial. *See, e.g.*, *United States v. Criswell*, 360 F. Supp. 3d 694, 710–12 (S.D. Ohio 2019).

Moreover, Petitioner's speedy trial claim fails because there is no evidence on the record that any part of this delay was intentionally caused by the trial court or the prosecution. *See Norris*, 146 F.3d at 327–28; *Shanks*, 387 F. Supp. 2d at 748 (E.D. Mich. 2005). There is nothing in the record to indicate a "willful attempt" by

14

the prosecution to delay the trial, *Burns v. Lafler,* 328 F. Supp. 2d 711, 722 (E.D. Mich. 2004), nor is there any evidence that the prosecution intentionally delayed the trial to gain a tactical advantage over Petitioner. *Id.*; *see also Brown*, 498 F.3d at 531.

With regard to the third *Barker* factor, "[t]he defendant's assertion of his speedy trial right ... is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." *Barker*, 407 U.S. at 531–32. A criminal defendant's "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Id.* at 532. Petitioner did make some assertions of his right to a speedy trial, both in his motion for bond reduction and in a subsequent letter to the court, dated August 21, 2020, but postdated October 28, 2020. ECF No. 14-13. Petitioner also filed a motion for a speedy trial on November 11, 2020, which was denied November 23, 2020. (ROA #1 at 10–11, Events 102–04). ECF No. 14-1, PageID.237–38. This factor favors Petitioner.

Finally, Petitioner has failed to show that he was prejudiced by the delay in bringing him to trial. Of the four factors to be assessed in determining whether a defendant's speedy trial rights have been violated, prejudice to the defendant is the most critical one. *See Trigg v. State of Tenn.*, 507 F.2d 949, 954 (6th Cir. 1975). The Sixth Circuit requires a habeas petitioner to show that trial delays caused "substantial prejudice." *Romanowski*, 845 F.3d at 716. The relevant forms of

15

prejudice in speedy trial cases are: (1) oppressive pretrial incarceration, (2) anxiety and concern of the accused, and (3) the possibility that the defendant's defense will be impaired by dimming memories and loss of exculpatory evidence. *Doggett*, 505 U.S. at 654 (quoting *Barker*, 407 U.S. at 532).

Petitioner has made only vague, generalized allegations that the delay in bringing him to trial caused him anxiety or interfered with his liberty, and most of these broad allegations are attributable to Petitioner's ultimate conviction and sentence, rather than the delay in bringing him to trial. As such, these allegations are insufficient to establish prejudice for a speedy trial claim. *See United States v. Franklin*, 622 F. App'x 501, 507–08 (6th Cir. 2015). "Absent any claims that the delay negatively affected his defense, it can be presumed that the conviction would have resulted regardless of the delay. Thus, in the circumstances of this case, [Petitioner's] vague assertions of prejudice do not rise to the level of actual prejudice." *Id.* at 508.

Petitioner is also unable to establish that he was prejudiced from his pre-trial incarceration for the two 2017 cases because at the time that these cases were pending before the Genesee County Circuit Court, he was also incarcerated on a pending possession of cocaine charge. Petitioner would have been incarcerated even if the criminal sexual conduct and related charges against him had not been pending, rendering some of the types of prejudice (e.g. anxiety and concern over

16

incarceration) inapplicable. *See United States v. Brown*, 498 F.3d at 532 ("First, no prejudice arose from Brown's pretrial incarceration because even if he had not been detained in this case, he would have been in state custody for [other pending cases].") Finally, any prejudice to Petitioner from his pre-trial incarceration "is too slight to constitute an unconstitutional denial of his right to a speedy trial," in light of the fact that some of the *Barker* factors do not support Petitioner's speedy trial claim. *See Wells v. Petsock*, 941 F.2d 253, 259 (3rd Cir. 1991). Even if some of the *Barker* factors might favor Petitioner, he is not entitled to habeas relief because he has not met his burden of establishing substantial prejudice. *Romanowski*, 845 F.3d at 719. Petitioner is not entitled to habeas relief on his claim.

### B. The motion for the appointment of counsel.

Petitioner filed a motion for the appointment of counsel.

There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Petitioner's claim lacks merit; therefore, the Court denies the motion for the appointment of counsel. *See Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004) ("The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim.").

## V. CONCLUSION

The Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court denies Petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of Petitioner's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002).

The Court also denies Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## VI. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus (ECF No. 1) is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED that the motion for the appointment of counsel (ECF No. 10) is **DENIED.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.

Dated: September 23, 2025

 s/Gershwin A. Drain  
GERSHWIN A. DRAIN  
United States District Judge

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 23, 2025, by electronic and/or ordinary mail.

s/Marlena Williams  
Case Manager